**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-2815-WJM-GPG

STEPHANIE EINFELD,

      Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,

      Defendant.

_____

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S
RESPONSE TO NOVEMBER 12, 2020 ORDER**
_____

Defendant JPMorgan Chase Bank, N.A. ("**Chase**"), by and through counsel, submits this response to the Court's November 12, 2020 order (Dkt. No. 17) (the "**Order**" and "**Response**") and in support of the parties' Stipulated Motion to Set Aside the Entry of Default (the "**Stipulated Motion**") (Dkt. No. 15).  Based on Chase's lack of culpability, the lack of prejudice upon Plaintiff, and Chase's meritorious defenses, the Court should set aside the entry of default against Chase.

**I.  Introduction**

Plaintiff filed her complaint (the "**Complaint**") on September 16, 2020.  (Dkt. No. 1). Plaintiff served a copy of the Complaint and Summons on Chase on September 25, 2020.  (Dkt. No. 9-1).  Chase did not answer or otherwise respond to the Complaint by the October 16, 2020 deadline.  On November 2, 2020, Plaintiff filed a motion for entry of default (Dkt. No. 11), and a default was entered on November 5, 2020 (Dkt. No. 12).

On November 10, 2020, counsel for Chase contacted counsel for Plaintiff by telephone and explained that they had been engaged to represent Chase in this matter and intended to move to set aside the default in order to litigate the case on the merits. In that call, Chase's counsel asked if Plaintiff would agree to setting aside the entry of default. Plaintiff's counsel agreed to do so and the parties further agreed to set a deadline of November 25, 2020 for Chase to answer or otherwise respond to the Complaint. On November 12, 2020, the parties filed a stipulated motion requesting that the Court set aside the default and to set November 25, 2020 as the deadline to answer or otherwise respond to the Complaint. (Dkt. No. 15). On November 12, 2020, the Court issued its Order, directing either or both parties to supplement the Stipulated Motion in an attempt to establish good cause for setting aside the entry of default. (Dkt. No. 17). This Response follows.

## II.     Good Cause Exists to Set Aside the Entry of Default.

Fundamentally, "[t]he preferred disposition of any case is upon its merits and not through default." *Let's Go Aero, Inc. v. Cequent Performance Prod., Inc.*, 78 F. Supp. 3d 1363, 1372 (D. Colo. 2015) (citing *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir.1970)). With that as a guide, courts in their sound discretion evaluate the following "factors in determining whether a defendant has met the good cause standard[: ] (1) whether the default was the result of culpable conduct of the defendant; (2) whether the plaintiff would be prejudiced if the default should be set aside; and (3) whether the defendant presents a meritorious defense." *Id.* at 1371 (citations omitted). Notably, "[t]he good cause required for setting aside an entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed.R.Civ.P. 60(b)." *Id.* at 1371-72 (citation and internal quotations omitted).

Here, all three factors weigh in favor of setting aside the entry of default.

### A.      The Default Was Not The Result Of Culpable Conduct.

Chase's failure to timely respond to the Complaint was the result of extenuating circumstances and a breakdown of communication – not culpable conduct. When Chase was served with the Complaint, it assigned the case to litigation in-house counsel Randall Imwalle. (*See* Declaration of Randall J. Imwalle ("**Imwalle Dec.**"), ¶ 3).  Mr. Imwalle has served as litigation in-house counsel for Chase for 27 years and, in that capacity, has worked on thousands of cases. (*Id.* ¶ 2). As has always been his practice, upon the assignment of a new litigation matter, Mr. Imwalle reviews the complaint and the background of the allegations and makes a determination to retain outside counsel. (*Id.* ¶ 3). Typically, retention of outside counsel occurs within days of service of the complaint so that counsel has a sufficient amount of time to prepare and file a response in a timely manner. (*Id.*).

When this case was assigned to Mr. Imwalle, he was dealing with time-consuming family health issues that diverted his attention from his day-to-day case load, resulting in the failure of this case being assigned to outside counsel in a timely manner, something that has never occurred in the many years he has worked as in-house counsel at Chase. (*Id.* ¶ 4).

On November 10, 2020, Mr. Imwalle learned that a clerk's default had been entered against Chase five days earlier. (*Id.* ¶ 5). He immediately investigated the situation to determine how that occurred. (*Id.*). He discovered that he had not timely retained outside counsel in this matter. (*Id.*). Mr. Imwalle then took immediate steps to engage Kutak Rock LLP to file a motion to set aside the clerk's entry of default and to defend this case. (*Id.*). That same day, Chase's counsel contacted Plaintiff's counsel to discuss the case and, on November 12, 2020, the parties filed their Stipulated Motion.

Chase takes seriously its obligations to respond to complaints and to otherwise engage in litigation in good faith. The circumstances and sequence of events discussed above show that Chase's failure to timely respond to the Complaint was not the result of culpable conduct, but rather, the result of personal life challenges and miscommunications. That Chase's counsel made contact with Plaintiff's counsel only five days after the entry of default and filed the Stipulated Motion only two days later further shows that Chase was not seeking to delay the proceedings. *See Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 750 (10th Cir. 2009) ("Capital One evidenced its good faith by submitting its motion to set aside the default on May 7, 2007, just six days after default was entered on May 1, 2007"); *Let's Go*, 78 F. Supp. 3d at 1373 (finding good faith where the defendants moved to set aside the default on the day it was entered).

Accordingly, this factor weighs in favor of setting aside the entry of default.

### B.     Plaintiff Would Suffer No Prejudice If The Default Were Set Aside.

Setting aside the entry of default would not prejudice Plaintiff. As discussed above, Chase's counsel contacted Plaintiff's counsel only five days after the entry of default and filed the Stipulated Motion two days later. This short delay caused no prejudice. *Pinson*, 316 F. App'x at 750 (finding no prejudice where motion to set aside default was filed six days after entry of default); *Let's Go*, 78 F. Supp. 3d at 1373 ("the Court finds that the slight delay in case proceedings caused by the failure to answer or respond to the Complaint with a proper Rule 12 motion will not prejudice Plaintiff's ability to prosecute this case."). Moreover, Plaintiff has stipulated to the setting aside of the entry of default.

Accordingly, this factor also weighs in favor of setting aside the entry of default.

4

### C. Chase Has Meritorious Defenses.

For purposes of setting aside a default (or default judgment), the defaulting party need only "present" a meritorious defense:

> [T]he court examines the allegations contained in the moving papers to determine whether the movant's version of the factual circumstances surrounding the dispute, if true, would constitute a defense to the action. For purposes of this part of the motion, the movant's version of the facts and circumstances supporting his defense will be deemed to be true.

*In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978). Here, Chase will assert meritorious defenses as to each of Plaintiff's claims under 15 U.S.C. 1643 and 1666.[1] Under section 1643, cardholders have limited liability for unauthorized charges, but full liability as to any charges that the card issuer shows were authorized. 15 U.S.C. § 1643(a), (b); *see also DBI Architects, P.C. v. Am. Express Travel-Related Servs. Co.*, 388 F.3d 886, 889 (D.C. Cir. 2004) ("Congress strictly limited the cardholder's liability for 'unauthorized' charges"). And, under section 1666, upon proper notice of billing errors, a card issuer must timely investigate alleged billing errors and provide written explanation to the cardholder of the findings of the investigation. *See Am. Exp. Co. v. Koerner*, 452 U.S. 233, 234–37 (1981) ("If the creditor receives this notice within 60 days of transmitting the statement of account, [15 U.S.C. § 1666(a)] imposes two separate obligations upon the creditor. Within 30 days, it must send a written acknowledgment that it has received the notice. And, within 90 days or two complete billing cycles, whichever is shorter, the creditor must investigate the

---

[1] As part of its ongoing investigation into the claims asserted in the Complaint, Chase believes that Plaintiff may have entered into an arbitration agreement with Chase that may be applicable to this dispute. If such an agreement exists, it would form the basis of a meritorious defense that Plaintiff's claims are arbitrable and would require dismissal of the claims without evaluating the merits of the claims or the other meritorious defenses discussed herein. Chase reserves the right to assert an arbitration defense and to seek dismissal on that ground.

4824-0498-2482.2

matter and either make appropriate corrections in the obligor's account or send a written explanation of its belief that the original statement sent to the obligor was correct. The creditor must send its explanation before making any attempt to collect the disputed amount."). Chase will assert the defenses that it complied with its statutory obligations and the charges were authorized.

Specifically, without making any admission as to the propriety of any notice provided, Chase performed an investigation into the matters identified in the Complaint, including a comprehensive review of the account, the disputed charges, and other information and documents that Chase obtained as part of its investigation. Following its investigation, Chase provided written notification of the findings of its investigation. These actions met the requirements of section 1666.

Through its investigation, Chase identified certain indicia that were inconsistent with a finding that the charges were unauthorized, upon which basis Chase declined to release Plaintiff from liability for those charges. As such, Chase's version of the factual circumstances alleged in the Complaint would clearly constitute a defense to the section 1643 claim Plaintiff has asserted. In that way, Chase would assert the meritorious defenses that Chase timely investigated and responded to any proper notice of alleged billing errors and that the charges were authorized by Plaintiff. *See In re Stone*, 588 F.2d at 1319.

### III. Conclusion

For the foregoing reasons, the Court should set aside the entry of default against Chase. Further, Chase is filing, contemporaneously with this Response, a Motion for Leave to File a Response to the Complaint out of Time, requesting that the Court permit Chase to respond to the Complaint within fourteen (14) days of the entry of an order granting the same.

Respectfully submitted this 23rd day of November 2020.

        **KUTAK ROCK LLP**

        *s/ Daniel Carmeli*
        John H. Bernstein (#17358)
        Daniel Carmeli (#52880)
        1801 California St., Suite 3000
        Denver, CO 80202
        Telephone:  (303) 297-2400
        Facsimile:  (303) 292-7799
        John.Bernstein@kutakrock.com
        Daniel.Carmeli@kutakrock.com
        *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that on this 23rd day of November, 2020, the foregoing was electronically files with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

> Daniel J. Vedra, Esq.
> Vedra Law LLC
> 1444 Blake Street
> Denver, CO 80202
> dan@vedralaw.com
>
> *Attorneys for Plaintiff*

*s/ Daniel Carmeli*
Daniel Carmeli
