**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-2815-WJM-GPG

STEPHANIE EINFELD,

        Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,

        Defendant.
_____

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS OR, ALTERNATIVELY, TO COMPEL ARBITRATION**
_____

Defendant JPMorgan Chase Bank, N.A. ("**Chase**"), by and through counsel, submits this Motion to Dismiss or, Alternatively, to Compel Arbitration (the "**Motion**"), requesting that, because there exists a valid binding arbitration agreement applicable to this dispute, the Court dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b) or, alternatively, to dismiss the Complaint and compel arbitration pursuant to section 4 of the Federal Arbitration Act, and in support thereof, states as follows:

**CERTIFICATION UNDER LOCAL CIVIL RULE 7.1(a)**

I certify that, on December 4, 2020, I met and conferred by telephone with counsel for Plaintiff in a good faith effort to resolve or narrow the issues addressed herein. Counsel for Plaintiff indicated that Plaintiff opposes the relief requested herein.

                                                      *s/ John H. Bernstein*

2

1.     Plaintiff entered into a Cardmember Agreement with Chase, which, by amendment that went into effect on August 8, 2019, includes a binding arbitration agreement applicable to "all disputes between [Plaintiff] and Chase" (the "**Arbitration Agreement**").  Within the scope of covered "disputes," the Arbitration Agreement expressly includes any claims:

- "relating in any way to your account, any prior account, your cardmember agreement with us (including any future amendments), and any prior cardmember agreement, or our relationship";

- "arising from or relating in any way to transactions involving your account; any interest, charges, or fees assessed on your account; any service(s) or programs related to your account; any communications related to your account; and any collection or credit reporting of your account";

- "regardless of whether they are based on contract, tort, statute, regulation, common law or equity, or whether they seek legal or equitable remedies";

- "whether they arose in the past, may currently exist, or may arise in the future."

2.     The Arbitration Agreement is a valid and enforceable agreement that is applicable to the claims asserted by Plaintiff in her Complaint.  Accordingly, the Court should dismiss the claims and compel arbitration.

3.     A memorandum of law is being filed contemporaneously with this Motion.

WHEREFORE, Defendant JPMorgan Chase Bank, N.A. requests that, pursuant to Fed. R. Civ. P. 12(b) or, alternatively, section 4 of the Federal Arbitration Act, the Court dismiss the Complaint and compel arbitration.

Respectfully submitted this 7th day of December 2020.

3

**KUTAK ROCK LLP**

*s/ Daniel Carmeli*
John H. Bernstein (#17358)
Daniel Carmeli (#52880)
1801 California St., Suite 3000
Denver, CO 80202
Telephone: (303) 297-2400
Facsimile:  (303) 292-7799
John.Bernstein@kutakrock.com
Daniel.Carmeli@kutakrock.com
*Attorneys for Defendant*

4811-1716-6803.1

## **CERTIFICATE OF SERVICE**

I certify that on this 7th day of December, 2020, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

> Daniel J. Vedra, Esq.
> Vedra Law LLC
> 1444 Blake Street
> Denver, CO 80202
> dan@vedralaw.com
>
> *Attorneys for Plaintiff*

*s/ Daniel Carmeli*
Daniel Carmeli

4

4811-1716-6803.1